United States District Court
Southern District of Texas
**ENTERED**
August 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Antonio Q. McGee, § | |
|     Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action H-20-1074 |
| Lorie Davis, § | |
| Director, Texas Department of § | |
| Criminal Justice, Correctional § | |
| Institutions Division, § | |
|     Respondent. § | |

# Report and Recommendation

Antonio Q. McGee pleaded guilty to robbery and was sentenced to nine years in the Texas Department of Criminal Justice. (17-1 at 6) He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (1) Lorie Davis has moved for summary judgment. (17) Because McGee's claims are unexhausted, his federal habeas petition should be denied without prejudice.

A petitioner seeking federal habeas relief must first exhaust available state remedies. *See* 28 U.S.C. § 2254(b)(1); *Busby v. Dredke*, 359 F.3d 708, 723 (5th Cir. 2004). Exhaustion requires that the petitioner pursue his claims to the state's highest court through a properly filed direct appeal or a state habeas application. *See* Tex. Code Crim. Proc. arts. 11.07 § 3(a)–(c), 44.02 *et seq.* (West 2018); *McMullin v. Thaler*, No. CIV.A.H-09-2347, 2010 WL 2606320, at *3 (S.D. Tex. June 21, 2010).

McGee did not file a direct appeal, but he currently has pending a state application for writ of habeas corpus, which he filed on April 15, 2020. (17-1 at 2, 19; 1 at 8) The application has not yet been considered by the Texas Court of Criminal Appeals. (17-2) McGee's claims are thus unexhausted. *See Weems v. Quarterman*, 271 F. App'x 445, 446 (5th Cir. 2008) (finding that the petitioner's claims would

not be exhausted if his state post-conviction application was pending at the time he filed his petition for federal habeas relief); *Caldwell v. Dretke*, No. CIV.A.H-05-2529, 2005 WL 1840154, at *2 (S.D. Tex. July 29, 2005) (dismissing a petitioner's claims without prejudice where the state habeas application was still pending).

Because McGee's claims are unexhausted, the court recommends that his federal habeas corpus petition (1) be DENIED without prejudice and Davis's motion for summary judgment (17) be GRANTED.

The parties have fourteen days from service of this Report and Recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on August 11, 2020.

_____
Peter Bray
United States Magistrate Judge